UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Norrel McFadden, | **Complaint for a Civil Case** |
| Plaintiff, | |
| | Case No. 3:25-cv-6883-JDA |
| v. | |
| | **JURY TRIAL DEMAND** |
| Security Finance Corporation of Spartanburg; Spring Oaks Capital, LLC; and TransUnion, LLC, | |
| Defendants. | |

## INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") and Fair Debt Collection Practices Act ("FDCPA") whereby Plaintiff discovered inaccurate information reporting on Plaintiff's consumer credit report, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## PARTIES

2. Plaintiff is, and was at all times hereinafter mentioned, a resident of Sumter County, South Carolina.

3. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

4. Defendant, Security Finance Corporation of Spartanburg, (hereinafter "Security Finance") is a corporation existing and operating under the laws of the State of South Carolina and is a financial institution and a furnisher of consumer credit information to consumer reporting agencies.

5. At all times pertinent hereto, Security Finance was a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

6. Defendant, Spring Oaks Capital, LLC, ("Spring Oaks") is a collection institution existing and operating under the laws of the State of South Carolina and a furnisher of consumer credit information to consumer reporting agencies.

7. At all times pertinent hereto, Spring Oaks was a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

8. Spring Oaks is a "debt collector" as defined by § 1692a(6).

9. Defendant, TransUnion, LLC, ("Transunion") is a credit reporting agency, licensed to do business in South Carolina.

10. Defendant Transunion at all times relevant hereto was regularly doing business in the State of South Carolina.

11. Transunion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681d, to third parties.

12. Transunion furnishes such consumer reports to third parties under contract for monetary compensation.

13. At all times pertinent hereto, Defendant Transunion was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

## JURISDICTION AND VENUE

14. That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

15. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the Plaintiff resides in and the injury occurred in South Carolina and Defendants do business in South Carolina.

16.     Personal jurisdiction exists over Defendants as Plaintiff resides in South Carolina, Defendants have the necessary minimum contacts with the state of South Carolina, and this suit arises out of specific conduct with Plaintiff in South Carolina.

### FACTUAL ALLEGATIONS

17.     Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants Security Finance, Spring Oaks, and Transunion (collectively, "Defendants"), and has suffered particularized and concrete harm.

18.     Transunion is one of the largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

19.     The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

20.     Transunion has a duty under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

21.     The Spring Oaks debt account in question arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

22.     Spring Oaks acquired the debt after it was allegedly in default.

23.     Spring Oaks uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

24.     Spring Oaks regularly collects or attempts to collect, directly or indirectly, debts once owed or due, or once asserted to be owed or due.

25.     After reviewing Plaintiff's Transunion consumer credit reports Plaintiff discovered a Security Finance account, (the "Security Finance Account") and a Spring Oaks account, (the "Spring Oaks Account") being reported in error.

26.     The Security Finance Account is reporting a balance past due after Security Finance sold the Account to a third party.

3

27. Defendant Spring Oaks is the current owner of the Account.

28. As Spring Oaks is the legal owner of the Account, any monies allegedly owed on the Account are owed to Spring Oaks.

29. Defendant Spring Oaks reports the Account on Plaintiff's consumer report with a balance due.

30. Spring Oaks reports the Account in error because Spring Oaks is reporting the Account twice on Plaintiff's consumer reports.

31. The two separate tradelines reported by Spring Oaks are identical and pertain to the same debt.

32. Due to the duplicate reporting of the Spring Oaks Account and continued reporting of a balance due for the Security Finance Account (hereinafter the Accounts"), a single debt is reported three separate times on Plaintiff's consumer report.

33. The triplicate reporting of the Accounts overstates the amount outstanding debt in Plaintiff's name and the number of negative accounts in Plaintiff's consumer report.

34. The inaccurate Accounts have become a permanent component of the Plaintiff's credit profile and are reported to those who ask to review the credit history of Plaintiff.

35. The false and misleading information regarding the Accounts appearing on Plaintiff's consumer reports harms the Plaintiff because they do not accurately depict Plaintiff's credit history and creditworthiness.

### PLAINTIFF'S WRITTEN DISPUTE

36. In March 2025 Plaintiff sent a written dispute to Transunion (the "Dispute"), disputing the inaccurate information regarding the Accounts reporting on Plaintiff's Transunion consumer report.

37. Upon information and belief, Transunion forwarded Plaintiff's Transunion Dispute to Defendants Security Finance and Spring Oaks.

38. Upon information and belief, Security Finance and Spring Oaks received notification of Plaintiff's Dispute from Transunion.

39. Security Finance did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying Security Finance Account information with respect to the disputed information and the accuracy of the Security Finance Account.

40. Spring Oaks did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying Spring Oaks Account information with respect to the disputed information and the accuracy of the Spring Oaks Account.

41. Transunion did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Accounts.

42. Upon information and belief, Security Finance failed to instruct Transunion to remove the false and misleading information regarding the Security Finance Account reporting on Plaintiff's consumer report.

43. Upon information and belief, Spring Oaks failed to instruct Transunion to remove the false and misleading information regarding the duplicate Spring Oaks Account reporting on Plaintiff's consumer report.

44. Transunion employed an investigation process that was not reasonable and did not remove the false and misleading information regarding the Accounts identified in Plaintiff's Written Dispute.

45. At no point after receiving the Written Disputes did Security Finance, Spring Oaks, and/or Transunion communicate with Plaintiff to determine the veracity and extent of Plaintiff's Written Disputes.

46. Transunion relied on its own judgment and the information provided to them by Security Finance and Spring Oaks rather than grant credence to the information provided by Plaintiff.

47. Transunion published the false and misleading information regarding the Accounts to third parties.

## COUNT I – TRANSUNION

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

48. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

49. After receiving the Written Dispute, Transunion failed to correct the false and misleading information regarding the Accounts reporting on Plaintiff's consumer reports.

50. Transunion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

51. As a result of this conduct, action and inaction of Transunion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

52. Transunion's conduct, action, and inaction was willful, rendering Transunion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

53. In the alternative, Transunion was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

54. Plaintiff is entitled to recover costs and attorneys' fees from Transunion, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – TRANSUNION

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

55. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

56. After receiving the Written Dispute, Transunion failed to correct the false and misleading information regarding the Accounts reporting on Plaintiff's consumer reports.

57. Transunion violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

58. As a result of this conduct, action and inaction of Transunion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

59. Transunion's conduct, action, and inaction was willful, rendering Transunion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

60. In the alternative, Transunion was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

61. Plaintiff is entitled to recover costs and attorneys' fees from Transunion pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT III – SECURITY FINANCE**

(Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b))

62. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

63. After receiving the Dispute, Security Finance failed to correct the false and misleading information regarding the Security Finance Account reporting on Plaintiff's consumer report.

64. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute of Defendant Security Finance's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Security Finance's representations to consumer credit reporting agencies, among other unlawful conduct.

65. As a result of this conduct, action, and inaction of Defendant Security Finance, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

66. Defendant Security Finance's conduct, action, and inaction was willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

67. In the alternative, Defendant Security Finance was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

68. Plaintiff is entitled to recover costs and attorney's fees from Defendant Security Finance pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

### COUNT IV– SPRING OAKS
(Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b))

69. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

70. After receiving the Dispute, Spring Oaks failed to correct the false and misleading information regarding the Spring Oaks Accounts reporting on Plaintiff's consumer report.

71. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute of Defendant Spring Oaks's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Spring Oaks's representations to consumer credit reporting agencies, among other unlawful conduct.

72. As a result of this conduct, action, and inaction of Defendant Spring Oaks, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

73. Defendant Spring Oaks's conduct, action, and inaction was willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

74. In the alternative, Defendant Spring Oaks was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

75. Plaintiff is entitled to recover costs and attorney's fees from Defendant Spring Oaks pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

### COUNT V – SPRING OAKS

(Fair Debt Collection Practices Act Violation – 15 U.S.C. § 1692e)

76. Plaintiff realleges and reaffirms the above paragraphs as though fully set forth herein.

77. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

78. "The FDCPA is a strict liability statute to the extent it imposes liability without

proof of an intentional violation." *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3d Cir. 2011).

79. "It is a remedial statute that we 'construe . . . broadly, so as to effect its purpose.'" *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006)).

80. More broadly, the FDCPA was enacted in order to eliminate abusive debt collection practices, which contribute to the number of personal bankruptcies, marital instability, loss of employment, and invasions of privacy as well as insure that debt collectors who refrain from using such practices are not competitively disadvantaged. *See, e.g.,* 15 U.S.C. § 1692(a), (e); *Lesher v. Law Offices of Mitchell N. Kay, PC,* 650 F.3d 993, 996 (3d Cir.2011); *Wilson,* 225 F.3d at 354.

81. "[C]ourts have analyzed the statutory requirements [of the FDCPA] 'from the perspective of the least sophisticated debtor.' This standard is less demanding than one that inquires whether a particular debt collection communication would mislead or deceive a reasonable debtor." *Campuzano-Burgos v. Midland Credit Management, Inc.*, 550 F.3d 294, 298 (3d Cir. 2008) (quoting *Rosenau*, 539 F.3d at 221).

82. "The basic purpose of the least-sophisticated [debtor] standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This standard is consistent with the norms that courts have traditionally applied in consumer-protection law." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148-49 (3d Cir. 2013) (quoting *Lesher,* 650 F.3d at 997).

83. The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e; *Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

84. Included as an example of conduct that violates section 1692e is the false representation of the character, amount, or legal status of a debt. 15 U.S.C. § 1692e(2)(A).

85. Thus, the plain-language of the FDCPA makes it clear that under the strict liability framework, any false representation as to the amount of the debt is sufficient to show a violation of the FDCPA. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period."); *see also Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) ("under § 1692e ignorance is no excuse").

86. Under the same general prohibition of false, misleading, or deceptive debt collection practices, the FDCPA prohibits a debt collector from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false. . . ." 15 U.S.C. § 1692e(8).

87. Spring Oaks violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the Debts, including by reporting false information to the credit reporting agencies concerning Plaintiff, and by failing to correct the false information once disputed.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

  A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

C. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Spring Oaks for noncompliance of the Fair Debt Collection Practices Act and seeks remedies as defined by 15 U.S.C. § 1692 and demands:

A. An adjudication that Spring Oaks violated 15 U.S.C. § 1692e;

B. Plaintiff's statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

C. Plaintiff's actual damages to be proven at trial, pursuant to 15 U.S.C. § 1692k(a)(1);

D. Plaintiff's reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

E. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated:    July 8, 2025

*/s/ Aaron J. Kozloski*
Aaron J. Kozloski DCID 9510
Capitol Counsel, LLC
222A Turtle Trail
Leesville, SC 29070
Telephone: (803) 465-1400
scdoclaw@yahoo.com
Attorney for Plaintiff